### IVEY *versus* HARDY.

In suits between a white man, and a free person of color, or of mixed blood within the third degree, where the amount in controversy is under twenty dollars, and the former is sworn, the latter has also a right to the advantage of his own oath.

This was a suit before a Justice of the Peace of Pike county, commenced by the defendant in error. On appeal to the Circuit Court, the presiding Judge refused to allow the plaintiff in error the privilege of his own oath, (the amount in controversy being under twenty dollars) and on this point, he prosecuted a writ of error to this Court.

By Mr. Justice HITCHCOCK.

The question involved in this case, is, whether,

when a white man sues a free person of color or of mixed blood within the third degree, in a case under twenty dollars, and offers his own oath to establish his claim, the defendant can be permitted to be examined on oath, touching the suit, in his own defence? The Court below decided that he could not.

By an act of the Legislature[a] it is declared that, "if the sum claimed be twenty dollars, or under, the Justice of the Peace may at the trial of the cause, proceed to examine the plaintiff and defendant, *on oath,* and give judgment as to him the right of the cause may appear." By an other act,[b] it is declared, "that all negroes, mulattoes, Indians and all persons of mixed blood, descended from negro or Indian ancestors, to the third generation inclusive, though one ancestor of each generation may have been a white person, whether bond or free; shall be taken, and deemed incapable in law, to be witnesses in any case whatever, except for and against each other."

It is by virtue of the first of these recited statutes, that the defendant in error claims the benefit of his own oath against the plaintiff in error, and by virtue of the latter, that he expects to exclude the oath, which the same statute extends to the plaintiff in error.

We do not think these statutes are to be thus construed. The latter statute is restrictive of a right which would otherwise be extended to that class of persons, in common with others—must be strictly construed, and consequently, confined to cases in which they are called to testify as witnesses in the common acceptation and understanding of the term. The first statute extends a right to the plaintiff, which the Common Law does not give. It is general in its

a Aik. Dig. 294

b Ib. 452.

terms : the right is secured to each party, and when the plantiff claims the benefit of it, he must take it subject to all its conditions and consequences. It is in the nature of a summary, Chancery proceeding, when the statements on oath of each party are taken, and judgment is given according " as the right of the cause may appear." To give the plaintiff the benefit of this statute, and exclude the defendant from it, under the prohibition of the other, would open a door to very great frauds, and would be subversive of every principle of justice.

The judgment must be reversed, and the cause re-manded.